**UNITED STATES of America, Appellee**

v.

**Edward A. MADDOX, Appellant.**

No. 08–3094.

United States Court of Appeals, District of Columbia Circuit.

Nov. 2, 2010.

Roy W. McLeese, III, Esquire, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Neil H. Jaffee, Assistant Federal Public Defender, A.J. Kramer, Federal Public Defender, Office of the Federal Public Defender (FPD), Washington, DC, for Appellant.

Before: KAVANAUGH, Circuit Judge, and EDWARDS and SILBERMAN, Senior Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs of the parties. *See* FED. R.APP. P. 34(a)(2); D.C. CIR. R. 34(j). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the District Court be affirmed.

Based on a reliable informant's reports of Edward Maddox's armed drug-dealing and an investigating detective's corroboration of those reports, police officers briefly detained Maddox's car while a narcotics-detection dog sniffed the outside of the vehicle. After the dog alerted to the presence of illegal drugs, the police searched the car. The police found heroin and a semiautomatic handgun, and Maddox was later convicted of being a felon in possession of a firearm.

Maddox argues that the search of his car violated the Fourth Amendment's proscription against unreasonable searches and seizures. We disagree. The reliable informant's reports and the police officer's corroboration of those reports provided reasonable suspicion to briefly detain Maddox's car, and the narcotics-detection dog's alert provided probable cause for the search. *See Illinois v. Caballes,* 543 U.S. 405, 409, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005); *United States v. Hensley,* 469 U.S. 221, 226, 105 S.Ct. 675, 83 L.Ed.2d 604

(1985); *United States v. Tartaglia*, 864 F.2d 837, 841–42 (D.C.Cir.1989).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.